[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court are an Application to Confirm Arbitration Award filed by Government Employees Insurance Company (Geico) and an Application to Vacate Arbitration Award filed by Julie Donato (Donato); each application is directed to the written award of arbitrators dated July 12, 1990 pursuant to an underinsured motorist arbitration proceeding.
Pursuant to the decision of American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 191, this court "must conduct a de novo review of the interpretation and application of the law by the arbitrators"; any statutory interpretation by the arbitrators is a question of law which is subject to de novo review. Trustees of Amalgamated Insurance v. Gelman Industries, 784 F.2d 926, 928-29.
Upon the Finding of Fact by the arbitrators, Donato's application to confirm the arbitration award should be denied and Geico's application to vacate the arbitration award should be granted.
On October 16, 1988, Donato was a passenger in a truck owned and operated by Alan Case (Case): said truck was involved in a one vehicle accident. As a result of said accident, Donato sustained injuries and damages her claim for damages has a value in excess of $100,000.00. Case is liable for said injuries and damages.
Geico insured said truck; under the same policy Geico insured a car owned by Case's wife. As to each vehicle, bodily injury liability coverage is $50,000.00/$100,000.00 and uninsured motorist coverage is $50,000.00/$100,000.00; separate premiums CT Page 2432 were charged and paid for said coverages for each vehicle.
Geico paid Donato $50,000.00, thereby exhausting bodily injury liability coverage for said truck.
After said payment was made, Donato made a claim for underinsured motorist benefits under said policy. Geico denied coverage. Pursuant to 38-175c, the dispute was submitted to arbitration.
On July 12, 1990, an arbitration panel, by a vote of 2-1, found there was coverage; it awarded Donato a gross amount of $100,000.00 from which it deducted $50,000.00, the amount Geico paid under the liability portion of the policy, and it thereby entered a net award of $50,000.00.
A majority of the arbitrators decided:
 "The claimant claims that she is entitled to the $100,000.00 in underinsured motorist coverage, less the $50,000.00 liability payment.
 Geico claims that pursuant to their definition of underinsured motor vehicle in their policy, [Donato] is excluded from underinsured motorist protection.
 Section 38-175 c (a)(1) of the Connecticut General Statutes authorizes the exclusion from uninsured motorist coverage to the named insured or relatives residing in the household while a passenger in a motor vehicle owned by the named insured.
 [Donato] does not fall within either of the aforementioned categories. Accordingly, to the extent that the Geico policy might be interpreted to extend the exclusion to [Donato], it is invalid. In addition, to the extent that Section 38-174 A-6(c)(2) of the Regulations of Connecticut State Agencies might be interpreted as extending the permissive exclusion to [Donato], it is also invalid. The panel is persuaded by the Connecticut Supreme Court decision reached in Harvey v. The Traveler's Indemnity Company, 188 Connecticut 245 (1982).
 Based upon the foregoing, it is the opinion of this arbitration panel that since [Donato] was not the named insured or a resident relative CT Page 2433 of the named insured and since she was not occupying an uninsured or underinsured motor vehicle owned by her, [Donato] is entitled to recover the sum of $100,000.00 from Geico as a result of the injuries and damages sustained in the accident of October 16, 1988. In addition, Geico is entitled to a credit of $50,000.00, the amount paid to [Donato] under the liability portion of the policy, and, therefore, [Donato] is entitled to a net recovery of $50,000.00."
In pertinent part, said policy provides:
 "Under the Uninsured and Underinsured Motorists Coverage we will pay damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of an Uninsured Motor Vehicle, or Underinsured Motor Vehicle . . . arising out of the ownership, maintenance or use of that motor vehicle."
Said truck in which Donato was a passenger is an "insured auto" within the meaning of said policy because it is "described in the declarations" and it is "covered by the bodily injury liability coverage of [the] policy."
Donato is an "insured" within the meaning of said policy because she was injured "while occupying an insured auto."
Clearly under the terms of said policy, an "insured auto" cannot be an "uninsured motor vehicle" nor an "underinsured motor vehicle"; therefore, there is no coverage.
Said policy provisions are authorized by statute and regulation.
Section 38-175a-6 (c)(2)(A) of the applicable regulations of the Insurance Commissioner permits the insurer to exclude uninsured motor vehicle coverage "if the uninsured motor vehicle is owned by . . . the named insured. . . ." This authority applies as well to underinsured motor vehicle coverage. Nationwide Ins. Co. v. Gode, 187 Conn. 386, 399; American Motorists Ins. Co. v. Gould,213 Conn. 625, 628.
"A person claiming the invalidity of a regulation has the burden of proving that it is inconsistent with or beyond the legislative grant. . . . The insurance commissioner has a very broad grant of regulatory authority in filling in the interstices of the uninsured and underinsured motorist coverage legislation, and in CT Page 2434 doing so his regulation is entitled to `great deference.'. . ." Travelers Ins. Co. v. Kulla, 216 Conn. 390, 399. Donato has failed to prove that said regulation is beyond the legislative grant. Said regulation is authorized by the legislative grant of 38-175c(a)(1)(A) and (B) of the General Statutes.
The Case vehicle is not underinsured within the language of the statute and the policy.
"Section 38-175c(b)(2) defines an `underinsured motor vehicle' as `a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the uninsured motorist portion of the policy against which claim is made under subdivision (1) of this subsection.'" American Motorists Ins. Co. v. Gould, 213 Conn. 625, 629.
In determining whether a motor vehicle is "underinsured" for purposes of 38-175c, the provisions of 38-175c(b)(2) mandate that ". . . the aggregate of the limits of all such bonds and policies on the tortfeasor's motor vehicle is compared against the amount of uninsured motorist coverage of the insured." American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 194. "If the aggregate is less than the limits of liability in the uninsured motorist coverage portion of the insured's policy, then the underinsurance coverage is activated." Id.; American Motorists Ins. Co. v. Gould, 213 Conn. 625, 630.
All liability policies applicable to the tortfeasor's vehicle "are to be measured against the uninsured motorist portion of the policy against which the claim is being made", i.e. the Alan Case policy. Farm City Ins. Co. v. Stevens, 215 Conn. 157, 160.
In this case the limits of liability insurance equal the limits of uninsured motorist insurance. Therefore, there is no underinsurance as defined by statute and the policy.
Accordingly, the application to confirm the arbitration award is denied, and the application to vacate the arbitration award is granted.
RONALD J. FRACASSE, JUDGE